

**SIGNED this 02nd day of March, 2009.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KITTI CATHERINE NORMAN, | § | CASE NO. 08-11024-CAG |
| | § | |
| Debtor. | § | Chapter 7 |

| | | |
|---|---|---|
| GLEN W. NORMAN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 08-1097 |
| | § | |
| KITTI CATHERINE NORMAN, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS

On January 29, 2009, came on to be heard the Expedited Motion to Compel Debtor to Comply with Settlement Agreement and Motion for Sanctions filed in the above-styled and numbered adversary proceeding. After considering the evidence and the arguments of counsel, the Court denied the Motion to Compel as moot, and reset the Motion for Sanctions for an evidentiary hearing on February 19, 2009. On that date, counsel for each of the parties appeared and agreed to

the basic facts, and presented their arguments. The Court admitted certain correspondence between counsel, among other documents. The Defendant testified. After consideration of all the evidence and those facts that the parties do not dispute, for the reasons stated below the Court finds that the Motion for Sanctions should be denied.

The Plaintiff did not identify the authority for the relief he requests in the Motion for Sanctions. At the hearing, his counsel argued that sanctions could be imposed under Federal Rule of Bankruptcy Procedure 9011 and/or as damages for the Defendant's breach of contract under Texas law. The Court finds that both theories fail.

In particular, Rule 9011, which incorporates Federal Rule of Civil Procedure 11, imposes certain requirements a party must meet in order to obtain sanctions against another party. Specifically and in relevant part, subsection (c)(1)(A) of the Rule, governing sanctions awarded at the request of a party, states:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . ..

The Court finds that the Plaintiff has failed to comply with the Rule in several ways.

First, the Motion for Sanctions was combined with the Expedited Motion to Compel Debtor to Comply with Settlement Agreement. It therefore did not comply with the Rule's requirement it be filed as a motion separate from any other request or motion.

In addition, it is doubtful that the Motion for Sanctions meets the rigorous standard of specificity in the Rule's requirement that it "describe the specific conduct alleged to violate subdivision (b)" of the Rule. First, it does not state which provision of subsection (b) the Defendant contends was violated. That subsection provides a number of grounds for a violation:

2

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Second, the precise conduct alleged to constitute the violation is not clear. The Motion for Sanctions recites a chronology of events, both preceding and following the parties reaching an agreement in this adversary proceeding in October of 2008. Included in that recitation are statements regarding a series of emails and other correspondence between counsel, as well as the fact of the Plaintiff's payment to the Defendant of $36,000 as agreed in their settlement. The Motion for Sanctions also refers to a number of pleadings filed by the Defendant: a Notice of Settlement, a "Withdrawal of Objection to Complaint," an amended Answer, and a Motion for Sanctions. None of these pleadings are specifically identified by the Plaintiff in his Motion for Sanctions as the "petition, pleading, written motion, or other paper" that the Defendant "present[ed] to the court (whether by signing, filing, submitting, or later advocating)." Instead, the Plaintiff merely argues in the broadest manner that "[b]ecause of the Plaintiff's *[sic–should be* Defendant's*]* acts and omissions after this matter was settled and the parties agreed to the terms of the settlement

3

agreement, the Plaintiff has been forced to incur additional attorneys fees and expenses that he otherwise would not have been required to incur." Motion for Sanctions, para. 8. If not for the arguments of Plaintiff's counsel at the hearing, which indicated that it was the filing of Defendant's Motion for Sanctions that the Plaintiff considers to have violated Rule 9011,[1] the Court (and presumably the Defendant) would not have known of what "specific conduct" the Plaintiff complains.

However, the Court need not decide whether the Motion for Sanctions is sufficiently specific. That is because it fails to comply with Rule 9011 for another important reason. At the hearing, Plaintiff's counsel all but expressly conceded that he had not complied with the "safe harbor" provision of the Rule, requiring the Plaintiff to have given at least 21 days notice of his intent to seek sanctions against the Defendant, and to have given her that opportunity to correct or withdraw the pleading(s) that allegedly gives rise to the claim for sanctions. When directly asked by the Court to explain how he had complied with these requirements of the Rule, Plaintiff's counsel referred only to his Exhibit P-10, an email sent by his co-counsel on December 30, 2008, to Defendant's counsel. That email, however, merely warns Defendant in a general way that the Plaintiff would incur additional attorneys fees and costs for which the Defendant would be liable "if she succeeds in setting . . . aside" the settlement. Rule 9011, on the other hand, requires that a motion for sanctions itself, which must identify with the specific conduct alleged to be a violation, be served on the opposing party at least 21 days before it is filed. Substantial compliance with Rule 9011's safe harbor provision is not sufficient. ***In re Pratt***, 524 F.3d 580 (5th Cir. 2008) (holding that informal warning letters that creditor sent to counsel for Chapter 7 debtor prior to filing its motion

---

[1] The Defendant withdrew her Motion for Sanctions at the first hearing on January 29th.

4

for Rule 9011 sanctions with the bankruptcy court did not satisfy the service requirement of Rule 9011). The Court in *Pratt* agreed with the Tenth Circuit Court of Appeals's rationale for requiring strict compliance with the Rule:

> In ***Roth v. Green***, [466 F.3d 1179, 1192-93 (10th Cir. 2006),] the Tenth Circuit held that warning letters sent to the respondent in advance of filing were insufficient to comply with the service requirement. After analyzing the language of Rule 11 and the Advisory Committee Notes, the court concluded that "warning letters, such as those sent by defendants to [counsel], are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself." [Id. at 1192.] The court went on to state:
>
>> The reason for requiring a copy of the motion itself, rather than simply a warning letter, to be served on the allegedly offending party is clear. The safe harbor provisions were intended to "protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court." Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions."

*In re Pratt*, 524 F.3d at 586-87 (5th Cir. 2008) (footnotes omitted), quoting ***Roth v. Green***, 466 F.3d at 1192-93 (alterations in original), in turn quoting 5A C.A. Wright & A.R. Miller, **Federal Practice and Procedure** § 1337.2 at 722-23 (3$^{d}$ ed. 2004).

This Court finds that the December 30, 2008, email falls far short of even "substantial compliance," let alone the strict requirement of formal service of the motion applicable in this Circuit. For one thing, it was sent days before the Motion for Sanctions was filed on January 5, 2009, and so could not logically have related to that pleading. Moreover, the language of the email merely states the obvious when it warns that, if the litigation were not ended by the settlement, more fees and expenses would be incurred the Plaintiff and could be imposed on the Defendant under the applicable loan documents. That warning does not equate to, nor substitute for, notice that the Plaintiff would seek Rule 9011 sanctions against the Defendant if a particular pleading were not

corrected or withdrawn within 21 days–notice that service of the Plaintiff's Motion for Sanctions itself, after the filing of the Defendant's Motion for Sanctions, might have provided.[2]

For all the foregoing reasons, the Court finds that the Motions for Sanctions, to the extent based on Rule 9011, should be denied.

Plaintiff also argued at the hearing that its attorneys fees and expenses should be awarded as damages for the Defendant's breach of her contract with Plaintiff. He has not identified the contract alleged to have been breached, let alone the specific provision(s) of that contract breached. The Court assumes that the contract is an oral (or implied) agreement to execute the documents required to effectuate the settlement. The Full and Final Settlement Agreement, Indemnity and Mutual Release (the "Settlement Agreement") has in fact now been signed,[3] and therefore all oral agreements preceding it have been merged into that written agreement. Exhibit P-3, Settlement Agreement, p. 7, para. (2)(e)(i) ("this Settlement Agreement constitutes the entire agreement and understanding of Glen Norman and Kitti Norman . . . with respect to the transactions contemplated hereby, and supersedes all prior agreements, arrangements, and understandings related to the subject matter hereof."); *see also* **Hill v. Spencer & Son, Inc.**, 973 S.W.2d 772, 775 (Tex. App–Texarkana 1998, no writ) ("Merger, with respect to the law of contracts and deeds, is the extinguishment of one document by its absorption into another document, and is largely a matter of intention of the parties."), citing **Commercial Bank of Mason v. Satterwhite**, 413 S.W.2d 905, 909 (Tex. 1967) (deed), **Salinas v. Beaudrie**, 960 S.W.2d 314 (Tex. App.–Corpus Christi 1997, no writ) (contract), and **Turberville v. Upper Valley Farms, Inc.**, 616 S.W.2d 676 (Tex. Civ. App.–Corpus Christi 1981, no writ) (deed). Alternatively, inasmuch as the terms of that oral (or implied) agreement were never

---

[2] It is questionable whether even service of the Plaintiff's Motion for Sanctions itself would have provided adequate notice, given its lack of specificity as discussed above.

[3] The parties reached an agreement during a break in the hearing on January 29, 2009, resulting in the Defendant signing the Settlement Agreement outside the courtroom.

presented to the Court, it must assume that, those terms are at least consistent with, if not identical to, the final terms of the written Settlement Agreement itself.

The Settlement Agreement expressly provides that:

> Each party agrees to be solely responsible for the payment of their respective attorney's fees, court costs, expert witness fees, court reporter fees, and all other expenses incurred on said party's behalf as a result of or in connection with the Bankruptcy Matter, Adversary Proceeding, and/or this Settlement Agreement.

The Court finds, based on the parties' intent as reflected in this provision, that Plaintiff has waived any claim for his attorneys fees and expenses as damages for the Defendant's delay in signing the Settlement Agreement. For this reason, the Court finds that the Motion for Sanctions, to the extent it is based on a breach of contract, should be denied.

IT IS, THEREFORE, ORDERED that the Defendant's Motion for Sanctions is hereby DENIED.

# # #

n:\wpdocs\opinions\norman sanctions\order.wpd